UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:22-CR-56-HAB |
| ) | |
| DAVID OLVERA ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant David Olvera ("Olvera") is no stranger to this federal court. He was previously convicted of a serious drug felony in cause number 1:16-CR-62 and was sentenced to 60 months' imprisonment. While serving his supervised release term for that conviction, he was charged in three counts of a five-count Indictment with conspiracy to distribute and possess with intent to distribute fentanyl in violation of 21 U.S.C. §846 (Count 1); distribution of fentanyl in violation of 21 U.S.C. §841(a)(1) (Count 2); and maintaining a drug premises in violation of 21 U.S.C. §856 (Count 5). After negotiations with the Government, Olvera signed a plea agreement in which he agreed to plead guilty to Count 1 in exchange for, among other things, the dismissal of Counts 2 and 5 and the Government's agreement not to file a §851 information seeking an enhanced sentence for his previous drug felony. (Plea Agreement, ECF No. 66). Following his Rule 11 plea colloquy before the Magistrate Judge and this Court's acceptance of his plea of guilty, two draft presentence investigation reports were prepared (ECF Nos 76, 77) along with one final report and addendum (ECF Nos. 96, 97). Defendant filed objections to the reports (ECF No. 95) and requested an evidentiary hearing on those objections. Before the evidentiary hearing was held, Olvera filed the present motion seeking to withdraw his guilty plea (ECF No. 110) claiming that his prior

counsel misinformed him about key information and rushed him into signing the plea agreement. The Government opposes the motion. (ECF No. 114).[1] Because the Court finds Olvera has not presented a "fair and just reason" to withdraw his plea, the Motion will be DENIED.

## **DISCUSSION**

Olvera asserts two grounds for setting aside his guilty plea. First, he argues that his plea was not knowing or voluntary because counsel at the time he entered his guilty plea, Attorney Lisa Hanna, assured him that his sentence if he entered into the plea agreement would be 10-12 years' imprisonment. Second, Olvera asserts that Attorney Hanna rushed him into the decision to plead guilty by visiting him a few days prior to the plea deadline and representing that the deadline could not be extended. He argues both that his plea was not the product of a knowing and voluntary process and that his counsel was ineffective because she gave him wrong advice about his potential sentence.

Before getting into the specifics of his arguments, some background information is helpful. The presentence reports prepared in this case placed Olvera at a total offense level of 37 and a criminal history category of IV. This yields an advisory guidelines range of 292 to 365 months' imprisonment – more than double the alleged estimate of his counsel.[2] Although he has objected to certain portions of the PSR and enhancements he received, there is little doubt that this discrepancy between what he claims counsel told him and the advisory guidelines range is what led to Olvera's current request to set aside the guilty plea. But "[a] defendant has no absolute right to withdraw a guilty plea before sentencing." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir.

---

[1] Olvera's current counsel did not file a reply to the Government's response and the time to do so has expired.

[2] Olvera is also subject to a statutory minimum sentence of 10 years which is the minimum sentence that the Court can impose.

2

2015). Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears "a heavy burden of persuasion" in showing that a fair and just reason exists. *Collins*, 796 F.3d at 834.

The Seventh Circuit has recognized three general grounds that merit withdrawal of a guilty plea: "where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016). The colloquy required by Federal Rule of Criminal Procedure Rule 11 is designed to ensure that a defendant's guilty plea is entered knowingly and voluntarily. *See* Fed. R. Crim. P. 11(b)(1). "'Once a proper Rule 11 colloquy has taken place, the 'fair and just' ... escape hatch is narrow.'" *Collins*, 796 F.3d at 835 (quoting *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010)). That said, ineffective assistance of counsel that leads to the involuntary or unknowing entry of a guilty plea can be such a reason. See *United States v. Barr*, 960 F.3d 906, 917–18 (7th Cir. 2000). In assessing whether a defendant received ineffective assistance, this court applies the familiar standard of *Strickland v. Washington*, 466 U.S. 668, (1984), asking whether the attorney's performance was objectively unreasonable and whether, but for the deficient performance, the defendant would not have pleaded guilty. See *Barr*, 960 F.3d at 918. *United States v. Merrill*, 23 F.4th 766, 769–70 (7th Cir. 2022).

Turning first to Olvera's assertion that Attorney Hanna provided him with erroneous advice that prevented him from entering a knowing and voluntary plea, the record strongly refutes that he was under any disability or misunderstanding at the time of his plea hearing. The transcript of the plea colloquy reflects that the Magistrate Judge complied with all the requirements of Federal Rule of Criminal Procedure 11. (Guilty Plea Tr., ECF No. 117). The court properly informed Olvera

3

about the nature of the charges (*id*. at 19-22), the statutory minimum and maximum sentence possible (*id.* at 14), the trial rights he was giving up (*id.* at 17-19), and the role of the sentencing guidelines (*id.* at 15–16). *See* Fed. R. Civ. P. 11(b).

The Magistrate Judge asked Olvera whether anyone had made any promises or assurances not in the plea agreement to him to induce him to plead guilty, whether anyone had threatened him to get him to plead guilty, and whether there were any side agreements not contained in the plea agreement. He answered no to each question. With respect to the sentence that Olvera could receive, the Court explained the manner in which his sentence would be determined:

> COURT: … the Court is going to determine your sentence using a combination of advisory sentence guidelines, possible authorized variances from those guidelines as well as other statutory sentencing factors. Now, have you and Ms. Hanna talked about how these advisory sentencing guidelines might apply in your case?
> DEFENDANT: Yes.
>
> COURT: Do you understand, though, that the Court is not going to be able to determine the Advisory Guideline sentence for your case until after that Presentence Investigation Report has been completed, and you and the government have an opportunity to take a look at that report and challenge the facts contained within it, as well as the application of the Guidelines that are recommended by your Probation Officer, and the Court may not be able to accept the dismissal of Counts Two and Five as set forth in your plea agreement, do you understand that?
> DEFENDANT: Yes.
>
> COURT: All right. And do you understand, sir, even after that Advisory Guideline sentence has been determined, the Court's examination of other statutory sentencing factors under Title 18, United States Code, Section 3553(a) may result in the imposition of a sentence that's either greater than or lesser than the Advisory Guideline Sentence, but the Court has no authority to sentence you below any statutory mandatory minimum term of imprisonment, which in this case is 10 years; do you understand that?
> DEFENDANT: Yes

(Plea Tr. at 15-16).

The court also satisfied itself that a factual predicate existed to support the guilty plea by looking at all the record evidence, and specifically the statements contained in the plea agreement,

4

the statements of the Defendant at the plea hearing and the proffer of evidence from the Government. (Plea Tr. at 20–30); Fed. R. Civ. P. 11(b)(3); *United States v. Arenal,* 500 F.3d 634, 638 (7th Cir. 2007); *United States v. LeDonne,* 21 F.3d 1418, 1424 (7th Cir. 1994). In fact, during his plea hearing, Olvera stated, "I had in my possession 400 grams of fentanyl and I was ready to… it was the intent to distribute it" and when questioned in more detail by the Magistrate Judge he confirmed that he possessed fentanyl with intent to sell it to other people between April 1 and April 16, 2022, in Fort Wayne, Indiana. (*Id.* at 20-21). He also admitted that he was engaged in drug trafficking activities "in conjunction with" Gregory Brant. (*Id.* at 21). In turn, the Government read a proffer of the evidence into the record. (*Id.* at 21–30). Olvera then indicated he agreed with the proffer and he was "guilty." (*Id.* at 30). Olvera was under oath when he made these admissions.

Additionally, Olvera testified that he: (1) was not under the influence of any drugs, medications or alcohol; (2) had not been treated for mental illness; and (3) had not been treated recently for addiction to narcotic drugs or substance abuse. When asked if he understood what was happening in court and why he was there, Olvera responded "yes" and that he was in court "to change his plea" to guilty. (*Id.* at 6*)*.

The transcript reflects that Olvera provided affirmative responses when the Magistrate Judge inquired: (1) if Olvera had an opportunity to talk about not only the charges in the Indictment, but his whole case, including any defenses he may have with his counsel, (Guilty Plea Tr. at 7); (2) if Olvera was satisfied with counsel's representation and the advice she had provided, (*id.*); (3) if he read and understood the terms of the plea agreement, (*id.* at 9); and (4) if he had the opportunity to talk to his lawyer before signing the plea agreement (*id.*). The Magistrate Judge thoroughly discussed the terms of the plea agreement in paragraphs 8(c), 8(d), 8(f), and 8(g) with Olvera. (Guilty Plea Tr. at 10–13). Those paragraphs call for the Government to: (1) dismiss

Counts 2 and 5 of the Indictment at sentencing; (2) recommend a sentence within the sentencing guidelines; and (3) not file an information pursuant to 21 U.S.C. §851. Additionally, the Court discussed with Olvera the broad appellate waiver in the agreement. Olvera indicated that he understood all those terms and agreed with them.

"A plea of guilty is a formal and solemn step.... A defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). "The entry of a plea is not a meaningless act. When a defendant makes representations at a plea hearing, those representations are entitled to a presumption of verity. A defendant presenting a reason for withdrawal that contradicts answers he gave at the plea hearing faces an 'uphill battle.'" *Collins*, 796 F.3d at 834 (internal citations omitted).

In this case, the Magistrate Judge conducted an impeccable plea hearing in compliance with Rule 11. Everything about the hearing points to the fact that Olvera knowingly and voluntarily entered into the plea, was under no mental disability, and understood the nature and consequences of his decision to plead guilty. As the cases above hold, Olvera's sworn assertions matter; in fact, they matter so much that Olvera is bound by those assurances despite his most recent attempts to challenge their voluntariness. He has not come close to demonstrating that his plea was anything other than the product of a knowing and voluntary process.

Nonetheless, Olvera also argues that his counsel provided ineffective assistance prior to his entering into the plea and thus, this provides the basis for the Court to set aside the plea as involuntary. Olvera's specific claim on ineffective assistance hinges on his assertion that counsel misrepresented to him what she estimated his sentence would be. Olvera bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective

6

representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The *Strickland* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). "[T]he petitioner must do more than simply allege 'that he would have insisted on going to trial'; he must also come forward with objective evidence that he would not have pled guilty." *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010) (internal citation omitted).

Olvera has not met either prong of the *Strickland* analysis. Although he asserts that counsel underestimated his sentence when she spoke to him about the plea agreement, he has not been sentenced yet so a showing of prejudice is questionable. *See United States v. Hinrichs*, 2025 WL 1687835, at *13 (D. Neb. June 5, 2025) (holding that the *Strickland* standard makes "a motion for ineffective assistance of counsel premature if it is filed prior to resolution of the criminal proceedings."); *United States v. Chilcoat*, 2024 WL 5008714, at *5 (D.D.C. Dec. 6, 2024) (where proceeding has not yet culminated in a result, prejudice cannot be shown). However, even if the Court presumed prejudice and considered Olvera's unsupported assertion that counsel grossly underestimated his sentence, there is no deficient performance. An inaccurate sentencing prediction alone is not enough for deficient performance because the "salient question is whether counsel undertook a good-faith effort to determine the applicable facts and estimate the sentence." *United States v. Bethel,* 458 F.3d 711, 717 (7th Cir. 2006). And here, Olvera has offered nothing

7

to support such a conclusion. Nothing in the record shows that counsel misrepresented or failed to make a good-faith effort to determine Olvera's potential sentence.

The charges Olvera faced carried with them a 10-year mandatory minimum sentence. That mandatory minimum would have increased to 15 years if the Government filed the information for the §851 enhancement for his prior serious drug felony. Olvera's acceptance of the plea agreement took that additional term off the table. It makes sense then, that Attorney Hanna, fully aware of the statutory minimums in the case, would have advised Olvera that his sentence would be at least ten years if he signed the plea agreement. Moreover, as this Court has detailed above, Olvera was then advised in his plea hearing that the Court would ultimately determine his sentence after taking into account the facts from the presentence investigation report and the factors in 18 U.S.C. §3553(a). The PSR, which counsel did not have the benefit of, shows a much higher potential sentence. Thus, even if counsel erroneously estimated his sentence (again, a sentence which hasn't yet been imposed), Olvera was properly advised as to his potential sentence and how it would be calculated during the plea colloquy. A proper Rule 11 colloquy cures any deficiency by counsel. *United States v. Pola*, 703 F. App'x 414, 423 (6th Cir. 2017) ("When an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea." (citing *Ewing v. United States*, 651 F405, 410 (6th Cir. 2016))). Olvera's motion to withdraw his guilty plea is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's "Motion to Withdraw Guilty Plea" (ECF No. 110) is DENIED. A hearing on the sentencing objections will be set by separate entry.

SO ORDERED on July 23, 2025.

8

<u>s/ Holly A. Brady</u>
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT