**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-CR-56-HAB |
| | ) | |
| DAVID OLVERA | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Ignored lessons always return. And they did so in this case for Defendant, David Olvera ("Olvera"), this time with a hefty potential sentence. While on supervised release for his prior federal drug conviction, Olvera resumed trafficking drugs. That conduct yielded a five-count Indictment charging him, along with his co-defendant, with conspiracy to distribute and possess with intent to distribute fentanyl in violation of 21 U.S.C. §846 (Count 1); distribution of fentanyl in violation of 21 U.S.C. §841(a)(1) (Counts 2, 3, and 4); and maintaining a drug premises in violation of 21 U.S.C. §856 (Count 5). Olvera pleaded guilty to Count 1 in exchange for, among other things, the dismissal of Counts 2 and 5 (he was not charged in Counts 3 and 4) and the Government's agreement not to file a §851 information seeking an enhanced sentence for his previous drug felony. (Plea Agreement, ECF No. 66).

Following his guilty plea, the Probation Officer prepared two draft presentence investigation reports (ECF Nos 76, 77) along with one final report and addendum (ECF Nos. 96, 97). The final PSR calculated Olvera's base offense level to be 34 based on the drug weight involved in the conspiracy. The Officer applied three enhancements – a two-level dangerous weapon enhancement, U.S.S.G. 2D1.1(b)(1); a two-level maintaining the premises enhancement,

U.S.S.G. §2D1.1(b)(12); and a two-level leader/organizer enhancement, U.S.S.G. §3B1.1(c) – for an adjusted offense level of 40. After applying adjustments for acceptance of responsibility, the Probation Officer determined Defendant's total offense level to be 37. That offense level, combined with his criminal history category of IV, yielded an advisory guideline range of 292 to 365 months. A statutory mandatory minimum sentence of 10 years also applies.

Defendant filed objections to the reports (ECF No. 95) and requested an evidentiary hearing on those objections. Before the evidentiary hearing was held, Olvera filed a motion seeking to withdraw his guilty plea (ECF No. 110). In that motion, he argued that his counsel provided an erroneous calculation of his potential sentence and that she rushed him into signing the plea agreement. The Court denied his motion. (ECF No. 123).

Thereafter, the parties resolved the remaining objections to the presentence investigation report as follows:

(1) The Government agreed that the base offense level should be 32 rather than 34 because the cash conversion of fentanyl could not be reliably established;

(2) The Government agreed that the two level enhancement for leader/organizer did not apply;

(3) The Defendant agreed to withdraw his remaining objections to the dangerous weapon and maintaining a premises enhancements.

These concessions, adopted by the Court in a telephonic hearing (ECF No. 141), yield a new adjusted offense level of 36 prior to application of three levels for acceptance of responsibility under §3E1.1. At the telephonic hearing, the Government opposed the application of a reduction for acceptance of responsibility in light of Olvera's post-plea conduct. The Court ordered briefing, which has been received (ECF Nos. 148, 149, 150) and the issue is ripe for review. For the reasons below, the Court OVERRULES the Government's objection to the application of acceptance of responsibility.

**DISCUSSION**

The Sentencing Guidelines call for the offense level to be reduced by two if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).[1] Whether a person has done so is a question of fact for the court to resolve. *United States v. Robinson*, 942 F.3d 767, 770 (7th Cir. 2019); *United States v. Nichols*, 847 F.3d 851, 859 (7th Cir. 2017).

The accompanying Commentary to §3E1.1 explains that a court may consider, but is not limited to, the truthfulness of the admission and the false or frivolous denial of additional relevant conduct. *See* U.S.S.G. § 3E1.1 cmt. 1. The Commentary also makes clear that simply pleading guilty does not entitle a defendant to an automatic reduction. *See id.* at cmt. 2. The burden, however, rests with the defendant who enters a guilty plea to establish that he is entitled to a reduction. *See United States v. Taylor,* 72 F.3d 533, 549 (7th Cir. 1995), *dismissal of post-conviction relief affirmed by* 142 F.3d 440 (7th Cir. 1998).

The Government argues that Defendant's belated post-plea attempt to withdraw that plea is *prima facie* evidence that he has not demonstrated acceptance of responsibility for the offense. *United States v. Collins*, 949 F.3d 1049, 1055 (7th Cir. 2020) (denial of acceptance of responsibility warranted where defendant filed to withdraw his plea on the eve of sentencing). Generally, the Court agrees with that assertion, but context matters. For instance, it certainly would be the case where a Defendant's basis for the withdrawal attempt is that he is not guilty of the offense, he is acting inconsistent with acceptance of responsibility. Likewise, where a defendant waited until days before sentencing, *see id.*, a court could find that a defendant acted inconsistent

[1] An additional level is available under §3E1.1(b) upon Government motion where" the defendant assists authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

with acceptance of responsibility. But here, as defense counsel points out, the two issues Olvera raised in his motion to withdraw had little to nothing to do with the underlying offense conduct. Rather, he argued that counsel misinformed him of his potential sentence exposure and she rushed him into signing the plea agreement. Likewise, Defendant filed his motion prior to putting the Government through a sentencing hearing on the objections to the PSR that were raised by counsel. Ultimately, the arguments in the motion to withdraw the plea were non-starters in the Court's view. *See* Opinion and Order, ECF No. 123 at 6 ("He has not come close to demonstrating that his plea was anything other than the product of a knowing and voluntary process."). But those failed arguments, as well as the fact of filing the motion when he did, do not establish to the Court's satisfaction that Olvera was acting inconsistent with his guilt.

That said, the Government points to more troubling statements in one paragraph in defense counsel's brief supporting the motion to withdraw where counsel states: (1) Defendant never had access to firearms; (2) Defendant only participated in the delivery of fentanyl one time; (3) Defendant never had any control over any drugs that he delivered "but for advising his co-defendant on one occasion to sell what that co-defendant had in his possession"; and (4) Defendant maintains his innocence as to the sale of 400 grams or more of Fentanyl and 100 grams or more of Fentanyl Analogue. (ECF No. 111 at 4). The Government argues that these statements demonstrate an attempt to minimize Defendant's involvement in the offense conduct.

"A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous." U.S.S.G. § 3E1.1 cmt. 1(A). That said, it is up to this Court to "assess whether a particular defendant is motivated by genuine acceptance of responsibility or by a self-

serving desire to minimize his own punishment." *United States v. Major*, 33 F.4th 370, 382 (7th Cir. 2022) (quoting *United States v. Cunningham*, 103 F.3d 596, 598 (7th Cir. 1996)). When making this finding, "the sentencing judge is required to look beyond formalistic expressions of culpability and to determine whether the defendant has manifested an acceptance of personal responsibility for his offense in a moral sense." *Id.* (quoting *Cunningham*, 103 F.3d at 598). "Attempting to minimize one's level of involvement in an offense is sufficient to deny a reduction for acceptance of responsibility, even when the defendant has pleaded guilty." *Id.*

To be sure, these are worrying representations made by former counsel.[2] However, as current defense counsel points out, these items all relate to enhancements Olvera received in the final PSR – which he did not have prior to pleading guilty. Olvera lodged objections to the PSR for the dangerous weapons enhancement, the leader/organizer enhancement, the maintaining the premises enhancement, and for the specified drug quantity. If anything, defense counsel asserts the above statements go to the heart of the Defendant's objections to the PSR – not to his underlying acceptance of his guilt. Further, some of those objections, through agreement with the Government, were resolved in Defendant's favor. Thus, Olvera argues that this is not a case where the Defendant frivolously objected to the PSR.

Having reviewed the motion to withdraw, the PSR, and the procedural posture of this case, the Court finds that Defendant has sufficiently accepted responsibility for his offense conduct so as to permit the reduction under §3E1.1(a). Although it's a close call given the representations former counsel made in the motion to withdraw the guilty plea, the Court will not visit the sins of counsel on the client. From the Court's perspective, Olvera did not contest his guilt in his motion

---

[2] Defendant has had multiple lawyers in this case which has not helped with its progression. His original lawyer, Marcia Linsky, unexpectedly passed away. He was then represented by Attorney Lisa Hanna-Weiss, who withdrew following Defendant's guilty plea. Attorney Megan Close then assumed representation through the motion to withdraw the plea agreement. Defendant is now represented by Attorney Stanley Campbell.

to withdraw. Rather, he sought to explain why he wanted to withdraw his plea by pointing to his concerns over facts relating to the enhancements that were applied in the PSR. And while sentencing objections may impact the Government's decision to award a third level for acceptance under §3E1.1(b), *see United States v. Henigan*, 120 F.4th 553, 558 (7th Cir. 2024) ("Our recent decision in *Orona* addressed and rejected Henigan's argument. *Orona* reaffirmed earlier circuit precedent holding that the government's § 3E1.1(b) discretion is very broad and includes the discretion to withhold a motion for the extra offense-level reduction based on a defendant's false or frivolous objection to relevant conduct or some other guidelines sentencing factor.") (citing *United States v. Orona,* 118 F.4th 858 (7th Cir. 2024)), this Court is not inclined to deny Olvera the benefit of his plea. The Government's objection to the assessment of the two-level reduction for acceptance of responsibility is OVERRULED.

## CONCLUSION

Based on the above, the Government's objection to a two-level reduction for acceptance of responsibility under §3E1.1(a) is OVERRULED. Probation is directed to file an amended final PSR within fourteen (14) days that reflects this ruling along with the resolution reached by the parties on the objections. Sentencing will be set by separate entry.

SO ORDERED on October 19, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT